IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WACHOVIA MORTGAGE, FSB,<br><br>    Plaintiff,<br><br>    v.<br><br>ALMA MAGANA,<br><br>    Defendant.<br>_____/ | No. C 10-1258 CRB<br><br>**ORDER TO SHOW CAUSE** |

In July 2009, Plaintiff filed an unlawful detainer action against Defendant in California Superior Court. Plaintiff alleges Defendant has failed to "quit and deliver up possession" of a premises owned by Plaintiff. Now before the Court is Defendant's Notice of Removal pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

A district court may *sua sponte* raise the issue of subject matter jurisdiction. *See Galt G/S v. Hapag-Lloyd AG*, 60 F.3d 1370, 1373 (9th Cir. 1995). As the party invoking the court's diversity jurisdiction, a removing defendant bears the burden of establishing that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). If it is unclear from the complaint what amount of damage the plaintiff seeks, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant must set forth in the removal petition itself the underlying facts

supporting its assertion that the amount in controversy is met. *See id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

In this case, it is not clear from the face of the complaint what amount of damages Plaintiff seeks. Defendant was therefore required to set forth facts in her removal petition that support a finding that the amount in controversy exceeds $75,000. Far from providing such facts, Defendant failed even to allege in her notice of removal that the jurisdictional amount has been met. As a result, this Court cannot conclude that the amount in controversy requirement for diversity jurisdiction has been met.

Accordingly, Defendant is hereby ORDERED TO SHOW CAUSE why this action should not be remanded to state court. Defendant shall file her written response on or before May 7, 2010. Plaintiff's reply, if any, shall be filed by May 14, 2010. The Court shall advise the parties if oral argument is necessary.

**IT IS SO ORDERED.**

Dated: April 30, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE